IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH A. SANDERSON,**

    **Plaintiff,**                                                        **Case No.**

**vs.**

**XAVIER BECERRA, AS SECRETARY OF
THE UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,**

    **Defendant.**

**VERIFIED PETITION FOR WRIT OF MANDAMUS
OR ALTERNATIVELY, DECLARATORY RELIEF**

COMES NOW, Plaintiff Kenneth A. Sanderson, by and through counsel, Daniel E. Stuart, of Law Office of Daniel E. Stuart, P.A., and for his Petition against Defendant Xavier Becerra, as Secretary of the United States Department of Health and Human Services hereby states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff Kenneth A. Sanderson is an individual that resides in Olathe, Johnson County, Kansas.

2. The Defendant Xavier Becerra, as Secretary of the United States Department of Health and Human Services, (generally known as "Health and Human Services" or "HHS"), is an officer of a United States federal governmental agency who, pursuant to 45 C.F.R. § 4.1, may be served by mail at: General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C., 20201.

3. This is a civil action seeking a writ of mandamus commanding Defendant to perform an act or, alternatively, declaratory relief.

4. This Court has jurisdiction under the Administrative Procedures Act (APA). 5 U.S.C. § 702 and 5 U.S.C. § 706(1).

5. This Court has jurisdiction under 28 U.S.C. § 1361(a) to issue writs of mandamus in aid of its jurisdiction to compel an officer or employee of the United States or any agency thereof to perform a duty.

6. Venue is proper in this Court pursuant to 42 C.F.R. § 405.1136(b)(1) because the Plaintiff resides in the State of Kansas in this judicial district.

7. The amount in controversy involves medical treatment with costs in excess of $1,760.00, as required for judicial review in the calendar year of 2022, pursuant to 86 FR 54198.

8. The Plaintiff provided notice to the Defendant and all interested parties of his intent to file the action herein pursuant to 42 C.F.R. § 405.1132. No responsive action was taken by the Defendant as required by 45 C.F.R. § 405.1132.

9. The Plaintiff has exhausted all administrative remedies. No other adequate remedy exists other than the action herein.

## STATEMENT OF FACTS

10. The Plaintiff, Kenneth A. Sanderson, is 72 years of age with a diagnosis of spinal stenosis with neurogenic claudication and has impaired physical function with persistent pain that remains located on the left side of his lower back and will go down his left leg which is worse with any sort of activity and can be sharp and stabbing at times.

11. The Plaintiff underwent at least six (6) months of non-operative treatment, including lumbar transforaminal steroid injections in September of 2020, radiofrequency ablation of medial branch nerves and an additional steroid injection in October of 2020, and a left sacral joint injection in January of 2021. In addition, the Plaintiff has been prescribed

2

medication to address his pain.

12. In April of 2021, the Plaintiff's treating physician discussed treatment to include back surgery or the placement of an interspinous spacer, a Vertriflex Superion device.

13. The Plaintiff is an enrolled member of United Healthcare, Part C Medicare Advantage Plan.

14. In June of 2021, the Plaintiff submitted a request for pre-authorization for the placement of an interspinous spacer, a Vertriflex Superion device procedure to address his painful lumbar spinal stenosis with neurogenic claudication.

15. United Healthcare, Part C Medicare Advantage Plan denied the request for pre-authorization coverage of a Vetriflex Superion device procedure for the Plaintiff initially and upon redetermination asserting the procedure was experimental.

16. On June 14, 2021, the Independent Review Entity with jurisdiction over the matter, determined the requested item was experimental and that United Healthcare, Part C Medicare Advantage Plan did not have to pre-approve the Vetriflex Superion device.

17. The Plaintiff timely filed a request for an Administrative Law Judge hearing with the Department of Health and Human Services, Office of Medicare Hearings and Appeals (OMHA), OMHA Appeal Number 3-10150589816.

18. On appeal, the OMHA Administrative Law Judge addressed the following issue:
    > Whether the Plan is required to pre-authorize coverage of the Vetriflex Superion device procedure to treat the Plaintiff in accordance with the Plan's Evidence of Coverage and Medicare Part C rules and regulations.

19. On November 8, 2021, the OMHA rendered its Decision, a "FAVORABLE" decision for the Plaintiff, setting forth its Findings Of Facts And Analysis stating, in part, the

following:

> **After a thorough review of the administrative record, and considering the argument provided at the hearing, this ALJ finds the procedure and devices in question are not experimental. At the time of the Enrollee's (Plaintiff's) request, the procedure had been recognized as reasonable and necessary for greater than five years. The interspinal spacer received FDA approval in June 2015, and there is a wealth of medical literature available addressing the safety and efficacy of the procedure.** [Emphasis added.]

20. The November 8, 2021, OMHA Decision, provided the following Conclusions of Law:

> **The services at issue for placement of the Vetriflex Superion device is not experimental and is medically reasonable and necessary for this Enrollee (Plaintiff). The Plan (United Healthcare, Part C Medicare Advantage Plan) is ordered to pre-authorize the services.** [Emphasis added.]

21. On January 7, 2022, exactly sixty (60) days after the OMHA Decision and the deadline for seeking further review, United Healthcare, Part C Medicare Advantage Plan requested a review of the OMHA Decision by the Department of Health and Human Services, Medicare Appeals Counsel (MAC) pursuant to 42 C.F.R. § 422.608.

22. Pursuant to 42 C.F.R. § 405.1100(c), the Department of Health and Human Services, Medicare Appeals Counsel (MAC) had ninety (90) days in which to either issue a final decision or dismissal order or remand the case to the Administrative Law judge.

23. The Defendant Department of Health and Human Services, Medicare Appeals Counsel (MAC) had a duty to act and failed to act as required.

24. On May 23, 2022, the Plaintiff provided notice to the Defendant and United Healthcare,

Part C Medicare Advantage Plan of his intent to file the action herein pursuant to 45 C.F.R. § 405.1132, but no responsive action was taken by the Defendant.

25. The Plaintiff cannot receive the prescribed reasonable and necessary medical treatment to remedy his medical condition as a result of the inaction of the Defendant.

26. The Plaintiff has been in extreme pain for over a year waiting for resolution of this matter and continues to suffer extreme pain as a result of the inaction of the Defendant.

27. No other adequate remedy exists other than the action herein.

## RELIEF SOUGHT

WHEREFORE, for the reasons stated herein, Petitioner seeks the following relief:

(a) A Writ of Mandamus directing the Secretary of the U.S. Department of Health and Human Services to comply with its clearly defined duty imposed by 42 C.F.R. § 405.1100(c), and promptly provide a determination as required; or

(b) In the alternative, an Order declaring the underlying November 8, 2021, Decision of the Administrative Law Judge, OMHA Appeal Number 3-10150589816, a final determination of the controversy at issue, stating to wit:

> The services at issue for placement of the Vetriflex Superion device is not experimental and is medically reasonable and necessary for this Enrollee (Plaintiff). The Plan (United Healthcare, Part C Medicare Advantage Plan) is ordered to pre-authorize the services.

and;

(c) Such other and further relief this Court deems just and proper.

Respectfully Submitted,

LAW OFFICE OF DANIEL E. STUART, P.A.

/s/ Daniel E. Stuart
Daniel E. Stuart			KBN 16490
Charles A. Edgeller		KBN 17531
4707 College Boulevard, Suite 208
Leawood, Kansas 66211
(913) 338-4500
(913) 338-4501 Telefacsimile
dan@stuartlaw.net
charlie@staurtlaw.net
ATTORNEYS FOR PLAINTIFF

6

## VERIFICATION

STATE OF KANSAS ) 
) ss: 
COUNTY OF JOHNSON )

I, Kenneth A. Sanderson, of lawful age, being first duly sworn on her oath, deposes and says:

That he is the plaintiff above-named, that he has read the above and foregoing Petition, and that statement of facts contained herein are true and correct according to his best information and belief.

_____
**KENNETH A. SANDERSON**

Subscribed and sworn to before me this ___ day of _____, 20___.

_____
SHELDON BERNSTEIN
Notary Public, State of Kansas
My Appointment Expires
6-4-2022

7