UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH A. SANDERSON, | ) |
| Plaintiff | ) ) ) |
| vs. | ) Case No. 2:22-CV-02206 ) |
| XAVIER BECERRA, SECRETARY, U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Comes now Defendant, Xavier Becerra, Secretary, U.S. Department of Health and Human Services ("HHS"), and also on behalf of the Center for Medicare and Medicaid Services ("CMS"), an agency of HHS ("Defendants"), by and through their attorneys, Duston J. Slinkard, United States Attorney for the District of Kansas, and Wendy A. Lynn, Assistant United States Attorney for said District, and in support of this Motion to Dismiss, state as follows.

This memorandum illustrates that Plaintiff's claims are premature and this Court must dismiss his complaint for lack of subject matter jurisdiction. Plaintiff acknowledges an appeal at the administrative level is still pending. Pet., Doc. 1, ¶¶ 21-23. Plaintiff must exhaust his administrative remedies before this Court has jurisdiction over his case. Plaintiff's allegations within the complaint establish he has not exhausted his administrative remedies. Nevertheless, Plaintiff also alleges the HHS entity with jurisdiction over the matter exceeded the regulatory timeframe within which to issue a decision, and thereby breached its duty to act. Plaintiff thus suggests he should not be bound by the requirement to exhaust administrative remedies prior to

initiating suit in this Court because he believes HHS is taking too long to issue a decision necessary for him to exhaust those remedies. *Id.* at ¶¶ 22-23, 25-27.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff states he is 72 years of age and has a diagnosis of spinal stenosis with neurogenic claudication, which causes impaired physical function with persistent pain located on the left side of his lower back. This pain will "go down his left leg" and worsens with any activity. He describes the pain as "sharp and stabbing." *Id.* at ¶ 10. Plaintiff further states he attempted non-surgical treatments for approximately six months, as well as medication, to address his pain. *Id.* at ¶ 11. He contends his treating physician "*discussed* treatment *to include* back surgery *or* the placement of an interspinous spacer." *Id.* at ¶ 12 (emphases added).

Plaintiff contends he requested preauthorization for the placement of an interspinous spacer with his Medicare Part C provider, United Healthcare ("United"). United denied the request and a subsequent independent review determined United was not required to preapprove the procedure. *Id.* at ¶¶ 14-16. Plaintiff appealed the denial to an Administrative Law Judge ("ALJ") at the Office of Medicare Hearings and Appeals ("OMHA") within HHS. The ALJ issued a favorable opinion for Plaintiff in November 2021, finding—in part—that the procedure was not experimental and was reasonable for Plaintiff. The ALJ ordered United to preauthorize the services. *Id.* at ¶¶ 17-19.

In January 2022, United timely appealed and requested review of the ALJ's opinion and order by the Medicare Appeals Council ("MAC" or "Council") within HHS. *Id.* at ¶ 21. Despite alleging he "has exhausted all administrative remedies," Plaintiff acknowledges in his complaint that the MAC has not yet issued a decision on United's appeal. *Id.* at ¶¶ 22-24.

## **LEGAL ARGUMENT**

This Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). This rule provides that a court may dismiss a complaint based on lack of jurisdiction over the subject matter of the complaint. *See Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002). To gain subject matter jurisdiction, Plaintiff must exhaust all administrative remedies under the Act. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the [Secretary] shall be reviewed by *any person, tribunal, or governmental agency* except as herein provided.") (Emphasis added).

I. Determining Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. . . ." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). This Court's jurisdiction is established by the Constitution and acts of Congress. *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982), and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, *id.* at 701–02. . . ."). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (*quoting United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

"[T]he court has an independent obligation to satisfy itself that subject matter jurisdiction is proper." *Coffman v. CHS Gas & Oil*, No. 18-4031-DDC-GEB, 2018 WL 3616948, at *3 (D. Kan. July 30, 2018), *appeal dismissed*, No. 18-3168, 2018 WL 7223064 (10th Cir. Nov. 27,

3

2018) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). The Court "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (*citing Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

When determining subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations and has wide discretion to review outside documents. *Sizova*, 282 F.3d at 1324; *see Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

Courts may consider documents referred to by a plaintiff if they are "central to the plaintiff's claim" and authenticity is not disputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). This Court may dismiss a claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) by either assuming all well-pleaded facts are true, or—when facts underlying subject matter jurisdiction are challenged—exercising its discretion to allow affidavits and other documents to resolve jurisdictional facts. *Holt*, 46 F.3d at 1002-03.[1] When reviewing a motion to dismiss, the Court is not required to accept conclusory allegations, unwarranted inferences, or legal conclusions in a complaint. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). The Court does not defer to allegations in the complaint that constitute legal questions because those issues are within the purview of the Court. *Id.* at 1257.

---

[1] The exhibits attached to this Motion to Dismiss fit within these dictates. If this Court determines that exhibits convert parts of this motion into one for summary judgment, there are no genuine disputes of material fact and Defendant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 255 (1986).

4

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). "The APA serves as a limited waiver of sovereign immunity, not a grant of subject matter jurisdiction." *High Country Citizens All. v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (citing *Califano v. Sanders*, 430 U.S. 99, 105-07 (1977); *City of Albuquerque v. United States Dep't. of the Interior*, 379 F.3d 901, 907 (10th Cir. 2004); *New Mexico v. Regan*, 745 F.2d 1318, 1321 (10th Cir. 1984). Because this case arises under the Medicare Act, 42 U.S.C. § 405(g) and (h) require that the matter first proceed through the administrative process, including exhaustion of all administrative remedies under the Act, before it may be brought to federal court.

   II.   *Administrative remedies have not yet been exhausted.*

Plaintiff claims, without support, that he exhausted all administrative remedies in this matter and there is "[n]o other adequate remedy" other than to bring this action in this court. Pet., Doc. 1, ¶ 9. However, this assertion is invalid on its face as Plaintiff also acknowledges the MAC has not yet issued a decision in United's appeal from the ALJ's opinion and order. *Id.* at ¶ 22-24. In support of his assertion that he exhausted administrative remedies, Plaintiff contends he provided notice to HHS and United pursuant to 42 C.F.R. § 405.1132 of his intent to file this action, but "no responsive action was taken by [HHS]." *Id.* at ¶ 24. He therefore suggests he is empowered to escalate this matter to this Court.

   Under 42 C.F.R. § 405.1132, if the MAC does not issue a decision, dismissal, or remand back to the ALJ within 90 days, or as extended "as provided in this subpart," the appellant may request that the appeal be escalated to Federal district court. 42 C.F.R. § 405.1132(a); *see also* 42 C.F.R. § 405.1100(c) (final decision, dismissal, or remand within 90 calendar days of "receipt of the appellant's request for review, unless . . . extended as provided in this subpart"). Upon

receipt of an appellant's request for escalation, the MAC may issue a decision, dismissal, or remand, or—if unable to do so within the latter of five days of receipt or five days of the end of the initial 90-day window—send notice to the appellant acknowledging receipt of the request for escalation and confirm it is unable to issue a decision, dismissal, or remand within the statutory time frame. 42 C.F.R. § 405.1132(a)(1), (2).[2]

The MAC received Plaintiff's request to escalate to Federal district court.  Ex. A (May 23, 2022 escalation request by Parrish Law Office). It is true the MAC did not respond to the escalation request within the regulatory deadline (*i.e.*, five calendar days pursuant to 42 C.F.R. § 405.1132), but that is due to limited onsite personnel to process faxes and mail along with the fact that the request was improperly filed as correspondence, rather than as a request to escalate. Ex. B (Roach Decl. ¶ 7).

However, it is important to note, even if the request had been properly filed, the MAC would not have been able to grant the request as it was fundamentally flawed for two reasons. First, this case involves a Medicare Part C claim. *See* Ex. C (ALJ Decision) at p. 1. And there is no right of escalation to Federal court under to Part C regulations. *See* 42 C.F.R. § 422.562(d)(2)

---

[2] Both 42 C.F.R. § 405.1100 and § 405.1132 contain language allowing the Council an extension past the 90-day window "as provided in this subpart." Subpart I specifically allows the Council an extension for various reasons. *See e.g.*, § 405.1106(a) (when the appellant fails to copy the other parties); § 405.1120 (when the appellant requests an extension of time to submit a brief or other statement); § 405.910(f) (when the appellant did not provide a valid appointment of representative); § 405.1118 (when the appellant or another party requests a copy of the record from the Council and an opportunity to comment on that evidence). Outside of the regulatory extensions in Subpart I, as a practical matter, the Council goes beyond the 90-day window due to the backlog. Although there is no regulation that specifically allows the Council to go beyond the 90-day window due to the backlog, the portions of Subpart I which govern the Council's review (*i.e.*, §§ 405.1100 - 405.1140) do not provide for any consequences for going beyond the 90-day window. Therefore, the Council maintains jurisdiction of the case beyond the 90-day window until the *appellant* files a complaint with a U.S. district court. *See* 42 C.F.R. § 405.1132.

6

("The following regulations in part 405 of this chapter, and any references thereto, specifically do not apply under this subpart:"); 42 C.F.R. § 422.562(d)(2)(v) ("Section 405.1132 (request for escalation to Federal court)."); 42 C.F.R. § 422.608 (Medicare Appeals Council review—"The regulations under part 405 of this chapter regarding Council review apply to matters addressed by this subpart to the extent that they are appropriate, *except as provided in § 422.562(d)(2)*." (Emphasis added.)).

Second, even if the MAC were able to apply the Medicare Parts A and B regulations at 42 C.F.R. § 405.1132 to Plaintiff's claim, that regulation grants the right of escalation specifically to the *appellant* before the MAC, not the appellee. In this case, the appellant is United; it is not the Plaintiff/Medicare beneficiary. *See* Ex. D (Jan. 7, 2021 Request for MAC Review by United). Although Plaintiff filed a rebuttal to United's appeal and request for review, he is the appellee, not the appellant, and he did not submit his own appeal and request for review to the MAC. *See* Ex. E (January 27, 2022 response by Sanderson to United's appeal).

### III. *Subject matter jurisdiction should remain dependent on exhaustion of administrative remedies.*

By claiming there is "[n]o other adequate remedy" other than to bring this action in this Court, Plaintiff suggests—albeit vaguely—that the futility exception should usurp the mandates pertaining to exhaustion and Federal court jurisdiction. *See* Pet. Doc. 1, ¶ 9. It should not. "The futility exception . . . is a narrow one; to fit within the futility exception, a plaintiff must show that resort to the administrative process would be 'clearly useless.'" *Gilmore v. Weatherford*, 694 F.3d 1160, 1169 (10th Cir. 2012)(citing *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1264 (10th Cir.1998)). In this case, the administrative record is incomplete because a decision on the administrative appeal remains pending. Further, Plaintiff cannot show that the administrative

7

process is "clearly useless" as the MAC routinely reviews such requests and makes rulings on the appropriateness of ALJ decisions. The MAC has the subject matter expertise for such reviews.

Reading Plaintiff's complaint in the most liberal fashion, he claims futility, which is an argument grounded solely in delay. "A delayed review does not equal futility of review." *San Diego Comprehensive Pain Management Center v. Becerra*, 2021 WL 5741465, *6 (D. S.D. Calif.) (discussing *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000)). "[O]ccasional individual, delay-related hardship" may occur, but Congress decided "this price is justified '[i]n the context of a massive, complex health and safety program such as Medicare, embodied in hundreds of pages of statutes and thousands of pages of often interrelated regulations, any of which may become the subject of a legal challenge in any of several different courts[.]'" *Id.* "[D]elays in the administrative process, *or hardships related to the delays*, are not sufficient to allow parties to proceed directly to federal court, and Congress was aware that it was imposing these costs and delays. . . ." *Select Specialty Hospital-Ann Arbor, Inc. v. The Secretary of Health and Human Services*, 2016 WL 465620, *9 (D. E.D. Mich. 2016) (emphasis added).

Here, Plaintiff must exhaust administrative remedies because he has not alleged or established any reason to justify application of the futility exception. With no applicable exception, he cannot avoid the essential jurisdictional requirement of administrative exhaustion. Since Plaintiff has not exhausted administrative remedies, this Court is without jurisdiction.

## **CONCLUSION**

Plaintiff has not, and cannot, allege a basis for subject matter jurisdiction or a waiver of sovereign immunity. Requiring that administrative remedies be exhausted allows the record to be fully developed with sufficient information for a reviewing court so that the court possesses a factual predicate upon which to proceed. The administrative remedies in this case have not been exhausted because United's appeal remains pending with the MAC. Without exhaustion, there is no subject matter jurisdiction. *Weinberger v. Salfi*, 422 U.S. 749, 764-65 (1975). Plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(1).

For all the reasons stated herein, Defendants respectfully request that this Court dismiss Plaintiff's complaint.

Respectfully submitted,

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

s/ Wendy A. Lynn
Wendy A. Lynn
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Kansas S. Ct. 23594
(913) 551-6737 (telephone)
(913) 551-6541(facsimile)
E-mail: Wendy.Lynn@usdoj.gov

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the Court's cm/ecf electronic filing system on this 20th day of September 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's electronic filing system.

                                                  s/ Wendy A. Lynn
                                                  WENDY A. LYNN
                                                  Assistant United States Attorney