# EXHIBIT D



January 7, 2021

<u>**VIA FAX: 202-565-0227 or eMODfile**</u>

Department of Health and Human Services
Medicare Appeals Council, MS 6127
Medicare Operations and Appellate Division
330 Independence Ave., S.W.
Cohen Building—Room G-644
Washington, D.C. 20201

<u>**REQUEST FOR MAC REVIEW**</u>

Re:   **Pre-Approval for Vertiflex Superion Interspinous Process**
Beneficiary:  K. Sanderson
MIB Number: 7VR4E55CH88
ALJ Case Number: 3-1150589816
Administrative Law Judge Decision Dated:  November 8, 2021

Dear Medicare Appeal Council:

UnitedHealthcare d.b.a ("the Plan") requests a review by the Medicare Appeals Council in this matter pursuant to 42 C.F.R. §422.608. UnitedHealthcare respectfully asks that the Medicare Appeals Council vacate the Administrative Law Judge decision[1] dated November 8, 2021, and issue an unfavorable decision to the enrollee, K. Sanderson, on the basis that **the ALJ has erred in law by requiring the Plan cover a device that is experimental, therefore not reasonable, and necessary according to the standards of Original Medicare.**

<u>Medicare Law</u>

**42 CFR §422.101** as described in CMS's Program Manual(s), CMS Rulings provide clarification and interpretation of complex or ambiguous provisions of the law or regulations relating to Medicare.

---

[1] Included as Attachment 1M – ALJ Decision November 8, 2021

17

This entitles the beneficiary to receive all services available under Medicare Part A and Medicare Part B, but only if the services are within the scope of coverage dictated by Medicare manuals, statutory law and regulations.

**42 CFR §411.15 and 411.15(o)** say that services that are not reasonable & necessary are not covered. The rules also say that experimental and investigation devices are not covered.

### Discussion for MAC Review

UnitedHealthcare is resting on its position statement, dated September 15, 2021, which was provided to the ALJ, Member's appointed representative, and member. Per the ALJ's decision the position statement was accepted into the record over the Beneficiary Representative's objection. (ALJ Decision, p. 1 of 4) (File 10).

### Conclusion

The Beneficiary argues that Original Medicare covers interspinous spacers and therefore UHC is required to cover them. By statute, Medicare (both Original Medicare and the Medicare Advantage Program), can only pay for medical items and services that are "reasonable and necessary." 42 U.S.C. 1395y(a)(1)(A). For beneficiaries on Original Medicare who have submitted claims for coverage of the procedure to insert this device, CMS is making no determination of whether or when this device is "reasonable and necessary." The Beneficiary points to Medicare Administrator Contractor (MAC) fee schedules and the list of covered surgical procedures in the Hospital Outpatient Quality Reporting Program and the ASC Quality Reporting Program. These documents are not law or CMS guidance that an MAO is required to follow when evaluating whether a device is reasonable and necessary.

By law, UnitedHealthcare, cannot pay for a particular treatment without first determining whether it is "reasonable and necessary." 42 U.S.C. 1395y(a)(1)(A). Medicare has no national or local coverage determinations for this procedure that would inform when it is reasonable and necessary. *See* 42 C.F.R. § 422.101(a) and (b) (requiring an MA plan to cover the services that Part A and Part B cover and to follow national and local coverage determinations). When there is no national or local coverage determination, an MAO may use a coverage policy of another MAO or it can make its own coverage determination based on:

". . . an objective evidence-based rationale relying on authoritative evidence such as:
    o Studies from government agencies (e.g. the FDA);
    o Evaluations performed by independent technology assessment groups (e.g. BCBSA); and
    o Well-designed controlled clinical studies that have appeared in peer review journals;"

Ch. 4 of the Medicare Managed Care Manual, Rule 90.5. As explained in great detail in its opening brief, UnitedHealthcare has developed a coverage policy based on objective, evidence-based studies. UnitedHealthcare is following the coverage laws, regulations and rules set forth in the Social Security Act, the regulations and the sub-regulatory guidance.

UnitedHealthcare finds that Medicare law and member materials clearly support an unfavorable decision in this matter and requests the review of the materials with the ALJ record. The Plan respectfully asks that the Medicare Appeals Council reverse the favorable decision made by the ALJ in accordance with Medicare law.

Thank you for allowing UnitedHealthcare the opportunity to appeal the Administrative Law Judge's decision in the above-referenced case. Should you have any questions regarding this submission please contact me directly at the number below.

Sincerely,

*Dani Collier*

Dani Collier
ALJ Appeals Case Analyst
562-425-6913
866-594-7516- Fax
dani.collier@uhc.com

Enclosures:    ALJ Decision – September 30, 2021

cc:    K. Sanderson
       c/o Parrish Law Offices
       788 Washington Road
       Pittsburgh, PA  15228
       Fax: 412-561-6253