# EXHIBIT E

# PARRISH LAW OFFICES

788 WASHINGTON ROAD
PITTSBURGH, PENNSYLVANIA 15228-2021
www.dparrishlaw.com

412.561.6250
FAX 412.561.6253
E-mail: info@dparrishlaw.com

January 27, 2022

*VIA FACSIMILE/US MAIL*
*202-565-0227*
Department of Health and Human Services
Departmental Appeals Board
Medicare Appeals Council, MS 6127
Cohen Building, Room G-644
330 Independence Ave., S.W.
Washington, D.C. 20201

> **Beneficiary:** K. Sanderson
> **Date of Service:** Pre-authorization
> **Appeal No.:** 3-1150589816
> **HICN:** ####55CH88
> **ALJ Decision Date:** Nov. 8, 2022
> **Service:** Inter-spinal Spacer

Dear Medicare Appeals Council:

In response to UnitedHealthCare (UHC)'s appeal of the above-captioned case, Mr. Sanderson states the following.

Administrative Law Judge LaSandra Morrison found that Original Medicare covers interspinous spacers, they are not considered experimental, and that UHC is required to issue a prior authorization for the procedure. Judge Morrison noted that Original Medicare covers the procedure as evidenced in part by the FCSO LCD which was not retired because the procedure is experimental.

UHC appealed the decision resting on is prior filing which the ALJ rejected. UHC asserts that in the absence of a "direct CMS directive" it can rely on payor-funded technology assessments and deny coverage by application of its commercial coverage policy. However, nothing supports such a proposition. A statutory and contractual mandate requires UHC to cover all services covered by Original Medicare. That obligation is not limited to services that are the subject of an NCD or LCD. The starting point in determining an MAO's obligation is to determine from available evidence whether Original Medicare covers a procedure. Here, Judge Morrison found the evidence supports the proposition that Original Medicare covers the procedure. In view of that finding, Judge Morrison did not need to further evaluate the technology assessments proffered by UHC.



JAN 3 0 2022

13

PARRISH LAW OFFICES

Nothing refutes the FDA's approval of the device for the procedure. The FDA did not conditionally approve the device. As is common with implants, the manufacturer was required to capture data for five years after approval so that the FDA could monitor the device. At the end of the five years, the FDA did not revoke its approval.

Consistent with CMS guidance, after an LCD is retired, services continue to be covered absent the development of a non-coverage LCD. Further, the MPIM directs contractors to retire an LCD when the problem that prompted the development of an LCD no longer exists.[1] Here, FCSO issued an LCD in 2015 explicitly extending coverage of the procedure. Consistent with the guidance that services continue to be covered after the retirement of an LCD, FCSO continues to cover the procedure as the evidence in the record shows. UHC fails to address this fundamental guidance in its appeal.

UHC attempts to discount the fee schedules, EOBs showing Medicare coverage of the procedure outside the clinical trial setting, and the clinician's assertion that Original Medicare covers the procedure in the relevant jurisdiction by asserting it is unclear which interspinous spacer is covered. UHC's argument is a strawman – UHC covers no interspinous spacers. Further, EOBs do not show a device used when the cost of the implant is included in the global CPT code. UHC did not attempt to address Medicare's notice in the Federal Register that noted Original Medicare expected to expend $52M+ in 2020 and 2021 covering the procedure. In November 2021, published notice in the Federal Register that CMS expected to pay $58M covering the procedure in 2021, and approximately $60M covering it in 2022. Such notice is guidance to UHC of past, present and future Medicare coverage of the procedure.

Finally, the UHC EOC states in multiple places that UHC covers all services covered by Original Medicare, and Original Medicare has covered the procedure in excess of $50M per year for the past several years. UHC's assertion that it covers all services covered by Original Medicare is not limited to those services that have an LCD or NCD.

Contrary to UHC's assertion, in the absence of an LCD, UHC cannot simply rely on the opinion of one of its own medical directors to deny coverage when the evidence is that Original Medicare covers the procedure.

The ALJ decision finding for coverage is consistent with approximately 40 other ALJ decisions finding that UHC must cover the procedure because Original Medicare does not consider the procedure experimental or investigational, Original Medicare covers the procedure and UHC has a statutory and contractual obligation to cover the same.

UHC is in breach of its statutory and contractual obligations. In addition to the Federal Register notice of coverage, a string of losses should put UHC on notice that it is in breach of

[1] As stated in the LCD, the LCD issued to facilitate beneficiary access in 2015. By 2020, all the MACs were covering the procedure.

14

## PARRISH LAW OFFICES

those obligations.  A Medicare beneficiary remains in pain waiting for a procedure that Original Medicare has covered for years.  Based on the foregoing, the Council should reject UHC's appeal and affirm Judge Morrison's ruling.

Very truly yours,

Debra M. Parrish

cc:    Dani Collier, UHC
       Mr. Sanderson (w/enclosure)
       Dr. Syed (w/enclosure)