UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH A. SANDERSON, | ) |
| Plaintiff | ) ) ) |
| vs. | ) Case No. 2:22-CV-02206 ) |
| XAVIER BECERRA, SECRETARY, U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, | ) ) ) ) ) |
| Defendants. | ) |

### UNITED STATES' REPLY MEMORANDUM TO PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now Defendant, Xavier Becerra, Secretary, U.S. Department of Health and Human Services ("HHS"), and also on behalf of the Center for Medicare and Medicaid Services ("CMS"), an agency of HHS ("Defendants"), by and through their attorneys, Duston J. Slinkard, United States Attorney for the District of Kansas, and Wendy A. Lynn, Assistant United States Attorney for said District, and in further support of the Motion to Dismiss, state that this Reply will address and/or refute Plaintiff's Response contentions and arguments, illustrating that Plaintiff's claims are premature. *See* Pet. Doc. 11. Accordingly, this Court must dismiss his complaint for lack of subject matter jurisdiction.

Plaintiff acknowledges an appeal at the administrative level is still pending. *Id*. at 4 (listing five stages of the administrative appeal process and stating, "Thereafter, judicial review may follow."); Pet. Doc. 1, ¶¶ 21-23. Plaintiff must exhaust his administrative remedies before this Court has jurisdiction over his case.

## **DISCUSSION**

**A. Plaintiff's objection to the Secretary's exhibits should be overruled.**

Plaintiff's first issue in his Response to the Secretary's Motion to Dismiss is an objection to the Secretary's exhibits attached to the motion. Plaintiff's objection should be overruled, however, because there are no foundations for it; his authorities either specify responsive pleadings on the merits or are unrelated to his stated bases for the objection. Specifically in support of his objection, Plaintiff cites to a federal statute, a local rule, and a district court decision. Pet. Doc. 11 at 5-6. His reliance on each is misplaced.

    i.    *The federal statute*

Plaintiff cites the third sentence of 42 U.S.C. § 405(g), out of context, for the proposition that the Commissioner of Social Security shall file a certified copy of the transcript of the evidentiary record upon which the administrative decision was based. Pet. Doc. 11 at 5. He thereby suggests the documents attached to the Moton to Dismiss, which are demonstrative of a lack of administrative exhaustion, should be excluded. Plaintiff neglects, however, to acknowledge that, in context, subparagraph (g) undermines his objection in two ways.

First, subparagraph (g) specifies the required evidence and the available procedure in cases ripe for judicial review following the exhaustion of administrative remedies. In fact, subparagraph (g) begins: "Any individual, *after any final decision* of the [Secretary] made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty *days after the mailing to him of notice of such decision*. . . ." 42 U.S.C. § 405(g) (emphases added). Here, United HealthCare's appeal before the Medicare Appeals Council ("MAC") remains pending. *See* Pet. Doc. 1 at ¶¶ 22-24 (Plaintiff acknowledging the

2

MAC has not yet issued a decision). Without a final decision from which to appeal, the specifications regarding evidence in 42 U.S.C. § 405(g) are not applicable.

And second, the third sentence of subparagraph (g), even out of context, explicitly states that such a transcript of the record shall be filed as part of the *answer* to a complaint, which must include "the evidence upon which *the findings and decision* complained of are based." Pet. Doc. 11 at 5 (emphasis added); *see* 42 U.S.C. § 405(g). Even if the requirements of subparagraph (g) were triggered following a final decision from the MAC, the Secretary has not—in this instance—filed an answer to the Complaint but a Motion to Dismiss. Simply put, 42 U.S.C. § 405(g) does not apply under the current procedural posture of this case and cannot be a foundation to object to or reject the Secretary's attached exhibits.

    ii.    *The local rule*

Similarly, Local Rule 83.7.1 provides guidance for parties when appealing from an administrative agency's decision, and for this Court when reviewing those administrative proceedings. Subparagraph (c) requires the Secretary to file the administrative record "when [the Secretary] files [his] *answer*. . . ." D. Kan. Rule 83.7.1(c) (emphasis added). As the Secretary has not filed an answer to the Complaint in this case, but rather has filed a Motion to Dismiss, Rule 83.7.1(c) does not apply at this stage of the proceedings and thus cannot be a foundation to object to or reject the Secretary's attached exhibits.

    iii.    *Christopher G. v. Saul (2019)*

Finally, Plaintiff's reliance on *Christopher G. v. Saul*, No. 18-CV-0414-JAR, 2019 WL 5682891, at *2 (D. Kan. Nov. 1, 2019) in support his objection is misplaced. *See* Pet. Doc. 11 at 5-6. The facts as stated in that opinion do not address objections to attachments to motions but

3

are, rather, supportive of this Court's need for a complete administrative record to review administrative proceedings on their merits.

In *Christopher G.*, this Court (1) remanded the case to the agency appeals council when Christopher sought to introduce new evidence related to the merits of his administrative appeal, then (2) altered its judgment and reopened the case after Christopher affirmatively stated he did not have or want to submit additional evidence to the agency, and then (3) again remanded the case back to the agency upon learning the administrative appeals council had already remanded the case down to the administrative law judge ("ALJ") to review findings and allow for the admission of supplemental evidence. *Christopher G.*, 2019 WL 5682891 at *1. "Thus," this Court found, "the decision in the underlying case may change." *Id*. at *2.

These are the facts and relevant procedural history in *Christopher G.* There is nothing in that decision that supports or even suggests that exhibits attached to a motion to dismiss should be excluded. Plaintiff's objection to the Secretary's exhibits should be overruled.

**B. The Motion to Dismiss for lack of subject matter jurisdiction should be granted.**

Plaintiff claims this Court has mandamus jurisdiction or, in the alternative, jurisdiction to order United HealthCare cover his chosen medical procedure. Pet. Doc. 11 at 6.

    i.    *This Court does not have jurisdiction to issue a writ of mandamus.*

In contending this Court has mandamus jurisdiction, Plaintiff argues 42 U.S.C. § 405(g) grants this Court that right to speak, and it is not barred by § 405(h). The Medicare Act incorporates 42 U.S.C. § 405(h), which states: "No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [United States as defendant] of Title 28 to recover on any claim

4

arising under this subchapter." *See* 42 U.S.C. § 1395ii (incorporating 42 U.S.C. § 405(h) into the Medicare Act).

Plaintiff is correct in his assertion that mandamus jurisdiction is not explicitly barred under 28 U.S.C. § 1361 by 42 U.S.C. § 405(h). *See* Pet. Doc. 11 at 6. Even so, subparagraph (h) also states, "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any . . . tribunal . . . except as herein provided."

The Tenth Circuit has held that mandamus jurisdiction is available only if "a suit, rather than seeking a right to benefits, requests 'a procedure through which the right to benefits can be contested.'" *Bartlett Mem'l Med. Ctr., Inc. v. Thompson*, 347 F.3d 828, 835 (10th Cir. 2003), *quoting Dockstader v. Miller*, 719 F.2d 327, 329 (10th Cir. 1983). The *Bartlett* Court concluded it could consider mandamus jurisdiction in that case because the plaintiffs were challenging a procedure through which the right to benefits could be contested, rather than seeking a right to benefits, themselves. 347 F.3d at 835.

Nevertheless, the *Bartlett* Court also found the requirements of mandamus jurisdiction were not satisfied because "[m]andamus relief is available to 'a plaintiff *only if* he has exhausted all other avenues of relief *and* only if the defendant owes him a clear nondiscretionary duty.'" 347 F.3d at 835-36, *quoting Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (emphases added); *see Cordoba v. Massanari*, 256 F.3d 1044, 1047 (10th Cir. 2001).

In this case, Plaintiff has conceded the MAC has not yet issued a decision in United HealthCare's appeal, so administrative avenues of relief are not exhausted. And Plaintiff is seeking a right to benefits—namely that his insurance carrier, United HealthCare, pay for his desired medical procedure. Under Tenth Circuit precedent, Plaintiff has not met the requirements for this Court to consider whether it has mandamus jurisdiction, let alone that has he met those

5

requirements for this Court to exercise that jurisdiction. *See Bartlett*, 347 F.3d at 835-36. Although Plaintiff claims "his only recourse . . . is this lawsuit," there is no legal foundation for this action, and it is both reasonable *and* required that he wait for the MAC to issue its decision in United HealthCare's pending appeal before that administrative appeals council. *See* Pet. Doc. 11 at 7.

      ii.      Plaintiff has not established this Court's "Substantive Jurisdiction" to consider the merits of this case or his eligibility for waiver of the exhaustion requirement.

Plaintiff suggests this Court has subject matter jurisdiction to issue a decision on the merits because he "followed the applicable regulations and submitted a 'request for escalation[,]' to which the Secretary failed to respond." Pet. Doc. 11 at 7. He contends that—as the party who initially requested "an ALJ hearing"—he was then free to proceed directly to seeking judicial review because the "Secretary's 'escalation' regulations are, at best, optional." *Id*. at n.2, 8. But, accepting Plaintiff's interpretation of the statutes and regulations on this point is not only contrary to established law and procedure, it would lead to an unreasonable result and relegate administrative appeals council review to a perfunctory and purposeless exercise.

      a.      <u>The Commissioner of Social Security/Secretary is required to establish regulations.</u>

The Commissioner of Social Security has the statutory authority to set rules and regulations and to establish procedures to implement Title 42, "and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder." 42 U.S.C. § 405(a). The Secretary shall promulgate regulations with respect to benefits under Part A or part B in accordance with those regulations for "(A) The initial determination of whether an individual is entitled to benefits under such parts," and "(B) The

6

initial determination of the amount of benefits available to the individual under such parts." 42 U.S.C. § 1395ff(a)(1).

An enrollee with a Medicare Part C plan, or a "Medicare+Choice plan" of a "Medicare+Choice organization," such as United HealthCare, who is dissatisfied because, *e.g.*, they did not receive a health service which they believe they should have, is generally entitled to a hearing before the Secretary to the same extent as is provided in 42 U.S.C. § 405(b). "[A]nd in any such hearing *the Secretary shall make the organization a party*." 42 U.S.C.A. § 1395w-22(g)(5) (emphasis added). If the amount in controversy meets or exceeds a certain threshold, "the individual or organization shall, upon notifying the other party, be entitled to judicial review of the Secretary's *final decision* as provided in section 405(g) of this title, and both the individual and the organization shall be entitled to be parties to that judicial review." 42 U.S.C.A. § 1395w-22(g)(5) (emphasis added).

Further, the Commissioner of Social Security is authorized by statute to "on [his] own motion," hold hearings, conduct investigations, and establish "other proceedings as [he] may deem necessary or proper for the administration of [disability insurance benefits]." 42 U.S.C. § 405(b)(1). In the course of conducting "*any hearing*, investigation, *or other proceeding*, the Commissioner may administer oaths and affirmations, examine witnesses, and receive evidence." 42 U.S.C. § 405(b)(1) (emphases added).

Accordingly, the Commissioner of Social Security has the authority to establish an administrative appeals council and concomitant regulations and procedures to facilitate review of ALJ decisions before parties can exercise requests for judicial review. Also, by statute, in Part C matters as described, the Secretary is required to make the Part C organization a party in the administrative appeal process.

7

b. <u>Plaintiff did not have the right to request escalation</u>.

As discussed in the Secretary's opening brief in support of the Motion to Dismiss, Plaintiff had no right of escalation as a Part C beneficiary. *See* Resp. Doc. 8 at 6-7. Under 42 C.F.R. § 422.562(d)(2)(v), the request for escalation to Federal court, otherwise available to Part A and Part B beneficiaries under 42 C.F.R. § 405.1132, is not available to Plaintiff. *See* 42 U.S.C. § 1395hh(a) (Secretary's authority to prescribe regulations necessary to carry out administration of the insurance programs; no rule, requirement, or other statement of policy shall take effect unless promulgated by the Secretary).

Section 1869 of the Act provides for, among other things, MAC review following an ALJ decision, specific time frames in which to conduct respective adjudications, and—at certain appeals levels—the option too escalate appeals to the next level of appeal if adjudication time frames are not met. In contrast, sections 1852(g)(5) and 1876(c)(5)(B) of the Act incorporate some, but not all, of the provisions of Section 1869, and add certain other requirements, such as making a Part C carrier a party to an ALJ hearing, as discussed above. Additionally, sections 1852(g)(5) and 1876(c)(5)(B) of the Act specifically incorporate section 1869(b)(1)(E)(iii) of the Act to align the amount in controversy requirements for an ALJ hearing and judicial review among the three sections. However, sections 1852(g) and 1876(c)(5)(B) do not incorporate adjudication time frames, the limitation on new evidence, or escalation provisions.

Moreover, the three specific topics covered by part 405, subpart I, that implement provisions of section 1869 of the Act and that do not apply to part 422, subpart M, and part 478, subpart B adjudications are:

(1) Specific time frames to conduct adjudications at each level of administrative appeal (sections 1869(a)(3)(C)(ii), (c)(3)(C)(i), (d)(1), and (d)(2) of the Act);

8

> (2) *the option to request escalation of appeals* when, *e.g.*, the MAC does not render a decision within an applicable adjudication time frame (sections 1869(c)(3)(C)(ii) and (d)(3) of the Act); and
>
> (3) the requirement that a provider or supplier, or beneficiary represented by a provider or supplier, must establish good cause to introduce evidence that was not presented at the reconsideration by the QIC (section 1869(b)(3) of the Act).

*See* 82 Fed. Reg. 4974, 4989-4992 (Jan. 17, 2017).

The statutes and regulations plainly and unambiguously establish there is no right of escalation stemming from Part C administrative appeals. Plaintiff's claims that this restriction is "optional" is without foundation and must be rejected. Without this statutory or regulatory right to escalate, his Complaint before this Court is premature and violative of the requirement that he exhaust administrative remedies.

      c.   <u>It is unreasonable to construe Plaintiff as the appellant before the MAC.</u>

Plaintiff suggests that because he initiated the administrative appeals process by requesting a hearing before an ALJ, he is allowed to also accelerate that process toward judicial review despite United HealthCare being an equal party to the administrative process. Essentially, Plaintiff argues that because he requested the hearing before the ALJ, the balance of the regulatory appeals process does not apply to him. *See* Pet. Doc. 11 at 7-8.

Under 42 U.S.C. § 1395ff(d)(3)(B), if the MAC fails to render a decision within 90 days, "the party requesting the hearing may seek judicial review." *See* 42 U.S.C. § 1395ff(d)(2)(A). Plaintiff seeks, without authority or support, to differentiate "hearing" from "review," and thereby establish himself as the sole party capable of escalating the matter to Federal district court under 42 C.F.R. § 405.1132. *Cf.* 42 C.F.R. § 405.1896 (generally referring to the appeal

9

board's jurisdiction to grant and conduct "hearings"). However, even if such a right were available in Part C claims, 42 C.F.R. § 405.1132 grants the right of escalation specifically to the *appellant* before the MAC. "Appellant" is defined as a "party who appeals a lower court's decision," usually "seeking reversal of that decision." Black's Law Dictionary (11th ed. 2019).

As discussed in the Secretary's opening brief in support of the Motion to Dismiss, the Agency interprets the escalation regulation as applicable to the party who sought MAC review—the party appealing the ALJ decision. Resp. Doc. 8 at 7. Administrative interpretation is ordinarily entitled to considerable deference unless it is plainly inconsistent with the clear meaning of the statute and regulations or is unreasonable. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844-45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Downtown Med. Ctr./Comprehensive Health Care Clinic v. Bowen*, 944 F.2d 756, 768 (10th Cir. 1991). Plaintiff has not established the Agency's interpretation of 42 C.F.R. § 405.1132 is plainly inconsistent with the clear meaning of the statute and regulations. And he cannot establish that the Agency's interpretation is unreasonable.

On the contrary, it is Plaintiff's overly simplistic reading of 42 U.S.C. § 1395ff(d)(3)(B) that is unreasonable. It is not reasonable to conclude Plaintiff was the appellant before the MAC because he prevailed before the ALJ and was perturbed that United HealthCare sought further administrative review before the MAC. *See* Pet. Doc. 1 at ¶ 21. Plaintiff's interpretation is also unreasonable because it would allow him to initiate the administrative process, pull United HealthCare into administrative litigation, only to then undercut United HealthCare's right as a party to seek and obtain administrative review by circumventing the final step within the agency and escalate the matter to Federal district court. *See* Pet. Doc. 11 at 4 (the administrative appeal

process is comprised of five steps, the last being MAC review, "Thereafter, judicial review may follow.").

Ultimately, this Court's acceptance of Plaintiff's argument would subvert the carefully constructed rubric that Congress created in the Act. It would mean that whenever a Medicare claimant/beneficiary prevailed before an ALJ but did not want to wait for the MAC to issue a determination on the carrier's appeal, the beneficiary could simply opt out of the administrative review process. *See Wilson ex rel. Est. of Wilson v. United States*, 405 F.3d 1002, 1013 (Fed. Cir. 2005).

United HealthCare sought review before the MAC of the ALJ's decision, which was favorable to Plaintiff. United HealthCare appealed the ALJ to the MAC seeking reversal of the ALJ's decision. United HealthCare was the appellant as contemplated by 42 C.F.R. § 405.1132, and Plaintiff's request to escalate, therefore, was improper.

d. Plaintiff is required to exhaust administrative remedies.

Throughout his Response, Plaintiff variably contends he has exhausted administrative remedies, suggests exhaustion is not a requirement for this Court's review of his claims, and argues this Court should waive the requirement that he exhaust administrative remedies. *See*, *e.g.*, Pet. Doc. 11 at 9-10. But exhaustion under 42 U.S.C. § 405(g) is a "procedural prerequisite" for jurisdiction which cannot be sidestepped or avoided. *See Ringer*, 466 U.S. at 624 (also characterizing exhaustion as unwaivable).

Exhaustion is generally required as a matter of preventing premature interference with agency processes. The doctrine of exhaustion allows the Agency to function efficiently so it may have an opportunity to, *e.g.*, correct its own errors, provide the parties and the courts the benefit of its experience and expertise, and so it can compile an adequate record for judicial review. *See*

11

*Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Bartlett Mem'l Med. Ctr.*, 347 F.3d at 837.

As noted, above, "*Any* individual, *after any final decision* of the [Secretary] made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action within sixty *days after the mailing to him of notice of such decision*. . . ."[1] 42 U.S.C. § 405(g) (emphases added); *see also Christopher G.*, 2019 WL 5682891 at *2 (this Court finding that—under 42 U.S.C. § 405(g)—it could only review a final administrative decision). Judicial review requires a final determination from the agency.

The "final decision" requirement of § 405(g) consists of two elements: (1) a nonwaivable requirement that a claim for benefits be presented to the Secretary; and (2) a requirement that the administrative procedures prescribed by statute and regulations be exhausted prior to judicial review, which can be waived under certain limited circumstances. *See Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Wright v. Sebelius*, 818 F. Supp. 2d 1153, 1159 (D. Neb. 2011); *see also Bowen v. City of New York*, 476 U.S. 467, 483-84, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (Court found limited circumstances included irreparable harm, such as hospitalization due to trauma of losing benefits). This case presents no issue regarding the first requirement. *See Ringer*, 466 U.S. at 621-22 (litigant seeking to establish right to future Medicare payments, if he decided to have surgery, was construed as a "claim arising under" Medicare Act). But Plaintiff's contentions that he need not meet the second requirement—the exhaustion of administrative remedies—are not persuasive.

---

[1] If Plaintiff is suggesting he was allowed to escalate to Federal district court because the ALJ decision should be construed as the final decision by the Secretary, his request for review is time-barred. The 60-day appeal window closed on January 7, 2022, and he did not file his Compliant in this Court until June 6, 2022—approximately 210 days after receiving the ALJ's decision. *See* 42 U.S.C. § 405(g). Plaintiff's position that he is the "appellant" by virtue of his appeal to the ALJ is further undermined by the fact that ALJ decision was favorable to him and therefore he would be appealing contrary to his own interests.

First, Plaintiff claims his request for judicial review is not premature because he has been waiting for nearly a year for the MAC to "address United's appeal of the ALJ decision." Pet. Doc. 11 at 10. He does not offer any authority to establish his impatience warrants waiver of the exhaustion requirement. To the contrary, "[D]elays in the administrative process, *or hardships related to the delay*, are not sufficient to allow parties to proceed directly to federal court, and Congress was aware that it was imposing these costs and delays. . . ." *Select Specialty Hospital-Ann Arbor, Inc. v. The Secretary of Health and Human Services*, No. 14-14412, 2016 WL 465620, *9 (D. E.D. Mich. Feb. 8, 2016) (emphasis added).

Next, Plaintiff claims the Court would not benefit from the MAC's expertise. Pet. Doc. 11 at 10. Here, by claiming, "At issue here is what the statutes require and the agency has no 'expertise' in that regard," Plaintiff appears to conflate the statutory and regulatory requirement that he exhaust administrative remedies with the MAC's expertise and experience in Medicare Part C benefits claims on appeal. *Id*. It is the latter, in the form of a final determination, that would benefit this Court (if an analysis on the merits of Plaintiff's claims becomes necessary). In particular, Plaintiff raises the "gravamen of United's appeal," and whether the carrier's arguments are sound under the Medicare Advantage program. *Id*. It is not unreasonable to project that this Court would benefit from the MAC's assessment of whether that accurately summarizes United HealthCare's appeal, and, if so, whether it is, in fact, directly contrary to 42 U.S.C. § 1395w-22(a)(1)(A), as Plaintiff claims.

Plaintiff next makes the ironic contention—considering his objection, above—that the "record is adequate for judicial review." Pet. Doc. 11 at 10; *see id*. at 5-6. He bases this claim on United HealthCare having "submitted no evidence regarding the Superion product." *Id*. at 10. Given the procedural posture of this case at this time, the expectation that United HealthCare

13

should have submitted evidence related to the merits of the case is, like Plaintiff's request for judicial review, premature.

Plaintiff's final argument in favor of this Court waiving the requirement he exhaust administrative remedies is that he has a "compelling interest in having the issue resolved 'promptly'," however, he does not state or explain what his compelling interest is. *Id*.

Plaintiff's frustration with the delay and his unspecified compelling interest in a resolution are not bases for waiving the requirement of exhaustion. In the event United HealthCare is successful before the MAC and Plaintiff then escalates the matter to this Court, this Court will necessarily benefit from a fully developed administrative record and the MAC's assessment of the issues, findings of fact, and conclusions of law.

Under similar facts, the *Ringer* Court found that the plaintiff was required to secure a final decision from the Agency:

> "Thus it is not the case that Ringer has no 'claim' cognizable under [42 U.S.C.] § 405(g); it is that he must pursue his claim under that section in the manner which Congress has provided. Because Ringer has not given the Secretary an opportunity to rule on a concrete claim for reimbursement, he has not satisfied the *nonwaivable exhaustion requirement* of § 405(g). The District Court, therefore, had *no jurisdiction* as to respondent Ringer."

*Ringer*, 466 U.S. at 622 (emphases added).

Congress, in implementing 42 U.S.C. § 405(g) and § 405(h), requires administrative remedies be exhausted before judicial review of the Secretary's decisions takes place. This suggests Congress believed cases of individual hardship resulting from delays in the administrative process had to be balanced against the potential for premature judicial intervention in an administrative system that processes "literally millions of claims every year." *See Ringer*, 466 U.S. at 627.

14

## **CONCLUSION**

To gain subject matter jurisdiction, Plaintiff must have exhausted all administrative remedies under the Act. *See* 42 U.S.C. §§ 405(g), 405(h). He has not done so.

For all the reasons stated herein, Defendants respectfully request that this Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

                                           Respectfully submitted,

                                           DUSTON J. SLINKARD
                                           UNITED STATES ATTORNEY

                                           s/ Wendy A. Lynn
                                           WENDY A. LYNN
                                           Assistant United States Attorney
                                           500 State Avenue, Suite 360
                                           Kansas City, Kansas 66101
                                           Kansas S. Ct. 23594
                                           (913) 551-6737 (telephone)
                                           (913) 551-6541(facsimile)
                                           E-mail: Wendy.Lynn@usdoj.gov

                                               Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the Court's cm/ecf electronic filing system on this 4th day of November 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's electronic filing system.

                                                                          s/ Wendy A. Lynn
                                                                          WENDY A. LYNN
                                                                          Assistant United States Attorney