IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH A. SANDERSON,<br><br>**Plaintiff,**<br><br>v.<br><br>XAVIER BECERRA, SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>**Defendant.** | Case No. 22-CV-2206-JAR-KGG |

## MEMORANDUM AND ORDER

Plaintiff Kenneth Sanderson filed a Petition for Writ of Mandamus directing Defendant, the Secretary of the U.S. Department of Health and Human Services (the "Secretary," or "HHS") to promptly provide a determination of the appeal of his request for preauthorization of the placement of an interspinous spacer to address his lumbar spinal stenosis. Alternatively, Plaintiff seeks an order declaring that the November 8, 2021 Decision of the Administrative Law Judge ("ALJ") approving the preauthorization of the requested services is a final determination of the controversy at issue. This matter is before the Court on the Motion to Dismiss (Doc. 7) under Fed. R. Civ. P. 12(b)(1), filed by HHS, and also on behalf of the Center for Medicare and Medicaid Services ("CMS"), an agency of HHS ("Defendants") on the ground that Plaintiff has not exhausted his administrative remedies and thus this Court lacks subject matter jurisdiction. The matter has been fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court grants Defendants' motion and dismisses Plaintiff's claims without prejudice.

**I.      Standard**

Exhaustion of administrative remedies under the Administrative Procedures Act ("APA") is an issue of subject matter jurisdiction that is analyzed under Rule 12(b)(1).[1] "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."[2] "The APA serves as a limited waiver of sovereign immunity, not a grant of subject matter jurisdiction."[3] When considering a motion to dismiss under Rule 12(b)(1), the court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff.[4]

Defendants rely on evidence outside the pleadings, and the Court will construe their motion as a factual attack on the jurisdictional facts alleged by Plaintiff.[5] When ruling on a factual attack on subject matter jurisdiction, a court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment.[6] To defeat Defendants'

---

[1] *Gilmore v. Salazar*, 748 F. Supp. 2d 1299, 1303 (10th Cir. 2010) (citing *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295–96 (10th Cir. 2003)).

[2] *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941); 14 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3654, at 156–157 (1976)).

[3] *High Country Citizens All. v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (citing *Califano v. Sanders*, 430 U.S. 99, 105–07 (1977)).

[4] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001)).

[5] *See* Docs. 8-1 through 8-6. Plaintiff's objection to Defendants' exhibits is overruled and denied for the following reasons: (1) 42 U.S.C. § 405(g), which requires a certified copy of the transcript of the evidentiary record upon which the administrative decision was based, does not apply under the current procedural posture of this case; (2) similarly, D. Kan. Rule 83.7.1(c) requires the Secretary to file the administrative record when an answer is filed; and (3) the case cited in support of his objection, *Christopher G. v. Saul*, No. 18-cv-0414-JAR, 2019 WL 5682891, at *2 (D. Kan. Nov. 1, 2019), does not address attachments to facial attacks on subject matter jurisdiction filed pursuant to Rule 12(b)(1).

[6] *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt*, 46 F.3d at 1003); *see also Davis ex rel. Davis*, 343 F.3d at 1295–96 (holding the district court had authority to review evidence outside the pleadings on issue of exhaustion of administrative remedies without converting the defendant's motion to dismiss into a motion for summary judgment).

Rule 12(b)(1) motion, Plaintiff "must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence."[7]

## II.     Statutory/Regulatory Background

The Court provides a brief summary of the framework governing appeals from a decision seeking approval of medical procedures under Medicare.  The Medicare statute prescribes a four-step process by which Medicare service enrollees and providers may appeal administrative determinations.[8]  First, if the party is not satisfied with the initial determination of the Medicare Administrative Contractor, it may ask the contractor to conduct a "redetermination."[9]  Second, the party may seek "reconsideration" with a Qualified Independent Contractor ("QIC").[10]  Third, the party may appeal to an ALJ.[11]  The ALJ may make a decision or remand to the QIC.[12] Finally, the party may appeal to the Medicare Appeals Council ("MAC"), which may enter a final decision or remand to the ALJ.[13]  "The decision of the ALJ or attorney adjudicator on a request for hearing is binding on all parties unless" one of five exceptions applies, including an exception for claims appealed to the MAC.[14]  "The [MAC's] decision is final and binding on all parties unless a Federal district court issues a decision modifying the [MAC's] decision or" if another exception applies.[15]

---

[7] *Gilmore v. Salazar*, 748 F. Supp. 2d 1299, 1304 (N.D. Okla. 2010) (quoting *Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003)).

[8] 42 U.S.C. § 1395ff.

[9] *Id.* § 1395ff(a)(3).

[10] *Id.* § 1395ff(b)–(c).

[11] *Id.* § 1395ff(d)(1).

[12] *Id.* § 1395ff(b).

[13] 42 U.S.C. § 1395ff(d)(2); 42 C.F.R. § 405.1100(c).

[14] 42 C.F.R. § 405.1048.

[15] *Id.* § 405.1130.

After going through this process, a party may seek relief in Federal district court if it satisfies certain jurisdictional requirements. 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the [Secretary of HHS] made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Secretary], with or without remanding the cause for a rehearing.

Access to judicial review on claims "arising under" the statute is available only to those who follow the prescribed process under § 405(h):

> No action against the United States, . . . or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [United States as a defendant] of Title 28 to recover on any claim arising under this subchapter.[16]

Under 42 C.F.R. § 405.1132, if the MAC does not issue a decision, dismissal, or remand back to the ALJ within 90 days or as extended "as provided in this subpart," the appellant may request that the appeal be escalated to Federal district court.[17] Upon receipt of an appellant's request for escalation, the MAC may issue a decision, dismissal, or remand or, if unable to do so within the latter of five days of receipt or five days of the end of the initial 90-day window, send notice to the appellant acknowledging receipt of the request for escalation and confirm that it is unable to issue a decision, dismissal, or remand within the statutory time frame.[18] The portions

---

[16] 42 U.S.C. § 405(h) (incorporated into the Medicare Act via 42 U.S.C. § 1395ii).

[17] 42 C.F.R. § 405.1132(a); *see also* 42 C.F.R. § 405.1101(c) (requiring final decision, dismissal, or remand within 90 calendar days of "receipt of the appellant's request for review, unless . . . extended as provided in this subpart).

[18] 42 C.F.R. § 405.1132(a)(1), (2). Subpart I allows the MAC an extension for various reasons, *e.g.*, § 405.1106(a) (when the appellant fails to copy the other parties); § 405.1120 (when the appellant requests an extension of time to submit a brief or other statement); § 405.910(f) (when the appellant did not provide a valid appointment of representative); § 405.1118 (when the appellant or another party requests a copy of the record from the MAC and an opportunity to comment on that evidence).

of Subpart I that govern the MAC's review do not provide for any consequences for going beyond the 90-day window.[19]

### III.     Factual and Procedural Background

Plaintiff is 72 years old and has a diagnosis of spinal stenosis with neurogenic claudication, which causes impaired physical function with persistent pain located on the left side of his lower back and his left leg.  He underwent non-surgical treatments for approximately six months, as well as medication to address his pain.  Plaintiff's treating physician discussed treatment to include back surgery or the placement of an interspinous spacer, specifically a Vertriflex Superion device.

Plaintiff is an enrolled member of United Healthcare ("United"), Part C Medicare Advantage Plan.  In June 2021, he submitted a request for pre-authorization for the placement of a Vertriflex Superion spacer with United.  United denied the request initially and upon redetermination, asserting the procedure was experimental.  Plaintiff appealed the denial to an ALJ at the Office of Medicare Hearings and Appeals ("OMHA") within HHS.  The ALJ issued a favorable opinion for Plaintiff in November 2021, finding, in part, that the procedure was not experimental and was reasonable for Plaintiff.  The ALJ ordered United to preauthorize the services.

In January 2022, United timely appealed and requested review of the ALJ's opinion and order by the MAC within HHS.  Plaintiff acknowledges that the MAC has not yet issued a decision on United's appeal.  On May 23, 2022, Plaintiff submitted, via facsimile and postal mail, a letter "request for escalation," to which the MAC did not respond within five calendar

---

[19] *Id.*

days.[20]  Angela Roach, Executive Director of the Medicare Operations Division, avers that this delay was because Plaintiff's request was not uploaded until June 15, 2022, and was inadvertently identified as correspondence instead of a request for escalation.[21]  Plaintiff continues to suffer extreme pain pending resolution of this matter.

### IV.     Analysis

Under 42 U.S.C. § 405(g) and (h), federal courts are vested with jurisdiction over a "final decision" of HHS when dealing with claims "arising under" the Medicare Act.  This means that a provider or beneficiary may come to district court only after either (1) satisfying all four stages of an administrative appeal, that is, after the MAC has rendered a decision, or (2) after the appellant has escalated the claim to the MAC and the MAC acts or fails to act within 180 days.[22]  Another path to jurisdiction is mandamus jurisdiction under 28 U.S.C. § 1361.  The Court addresses these issues in reverse order.

### A.     **Mandamus Jurisdiction**

The Mandamus Act provides that the district court has original jurisdiction over an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[23]  "The Supreme Court has made clear that the writ of mandamus is a 'drastic' remedy that is 'to be invoked only in extraordinary circumstances.'"[24]

Section 405(h) does not explicitly bar mandamus jurisdiction under 28 U.S.C. § 1361 for Medicare claims.  The Tenth Circuit has held that mandamus jurisdiction is available for claims

---

[20] Doc. 8-2.

[21] Doc. 8-3.

[22] 42 U.S.C. § 405(g), (h); 42 C.F.R. § 405.1132.

[23] 28 U.S.C. § 1361.

[24] *Soc. Sec. Law Ctr., LLC v. Colvin*, 542 F. App'x 720, 722 (10th Cir. 2013) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).

arising under the Medicare Act "if a suit, rather than seeking a right to benefits, requests 'a procedure through which the right to benefits can be contested.'"[25]  In *Bartlett Memorial Medical Center, Inc. v. Thompson*, the court concluded that it could consider mandamus jurisdiction in that case because the plaintiff brought a procedural challenge that involved access to the administrative process, not a challenge to the merits of the administrative determination.[26]

Pursuant to 42 C.F.R. § 405.1100(c), the MAC had ninety days in which to either issue a final decision or dismissal order or remand the case to the ALJ.  Plaintiff seeks a writ of mandamus directing the MAC to comply with the duty imposed by § 405.1000(c) and promptly provide a determination as required.  Defendants contend that Plaintiff has not met the requirements for this Court to consider whether it has mandamus jurisdiction because, contrary to *Bartlett*, his claim is effectively seeking a right to benefits—namely, that United pay for his medical procedure.

In support of this argument, Defendants cite *Heckler v. Ringer*, where the Supreme Court determined that a request for relief that is "inextricably intertwined" with a request for benefits is subject to the jurisdictional prerequisites of § 405(h).[27]  In that case, the Court addressed the jurisdictional distinction between substantive and procedural elements.  Respondents were individual Medicare claimants who challenged HHS policy regarding the payment of Medicare benefits for a certain surgical procedure.[28]  Although the Court found that "respondents [did] assert objections to the Secretary's 'procedure' for reaching her decision," it determined that "those claims [were] 'inextricably intertwined' with respondents' claims for benefits," because

---

[25] *Bartlett Mem. Med. Ctr., Inc. v. Thompson*, 347 F.3d 828, 835 (10th Cir. 2003) (quoting *Dockstader v. Miller*, 719 F.2d 327, 329 (10th Cir. 1983)).

[26] *Id.*

[27] 466 U.S. 602, 614 (1984).

[28] *Id.* at 614–15.

7

"the relief that respondents seek . . . is the invalidation of the Secretary's current policy and a 'substantive' declaration from her that the expenses of the [ ] surgery are reimbursable under the Medicare Act."[29] The Court "conclude[d] that all aspects of respondents' claim for benefits should be channeled first into the administrative process which Congress has provided for the determination of claims for benefits."[30]

As in *Ringer*, the Court finds that Plaintiff's claim is inextricably intertwined with the merits, and thus mandamus jurisdiction is unavailable.[31] Plaintiff seeks to compel the MAC to issue a decision in United's appeal from the ALJ ruling in his favor. While Plaintiff alleges that he is challenging a non-discretionary process, he is seeking to compel a ruling to uphold the ALJ's determination in his favor on preauthorization of services. Despite Plaintiff's efforts to characterize his claim as one seeking review of an otherwise nonreviewable procedural issue, his request for mandamus relief is clearly tied to his request for monetary benefits.[32] Thus, to the extent Plaintiff's claim "arises under" the Medicare statute, § 405(h) precludes the application of mandamus jurisdiction.

**B.    Substantive Jurisdiction**

Alternatively, Plaintiff seeks declaratory relief, requesting an order declaring that the underlying ALJ decision in his favor is a final determination of the controversy at issue, despite United's pending appeal of that decision to the MAC. Plaintiff argues that after the MAC failed to issue a decision on United's appeal within 90 days, he followed the applicable regulations and

---

[29] *Id.* at 614.

[30] *Id.*

[31] *Id.* at 614.

[32] *Id.; see Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 14 (2000) (holding that a plaintiff cannot escape the requirements of 42 U.S.C. § 405(h) by phrasing what is essentially a claim for benefits as something other than a claim for monetary relief).

8

submitted a "request for escalation," to which the Secretary failed to respond within the required timeframe. Accordingly, Plaintiff argues, he has exhausted his administrative remedies and properly filed suit in this Court. He contends that as the party who initially requested an ALJ hearing, he is free to proceed directly to seeking judicial review because the "Secretary's 'escalation' regulations are, at best, optional."[33]

Plaintiff's argument is misplaced. First, there is no right of escalation to Federal district court in a Medicare Part C claim. Under 42 C.F.R. § 422.562, the request for escalation to district court otherwise available to Part A and Part B beneficiaries under § 405.1132 is not available to Plaintiff. Section 422.562(d)(2)(v) states that § 405.1132, request for escalation to Federal court, "specifically [does] not apply under this subpart."[34] Without this statutory or regulatory right to escalate, Plaintiff's action before this Court is premature and violative of the requirement that he exhaust his administrative remedies.

Second, even if the MAC were able to apply the Medicare Part A and Part B regulations at § 422.1132 to Plaintiff's Part C claim, that regulation grants the right of escalation specifically to the appellant before the MAC, not the appellee. Here, the appellant is United. Plaintiff is the appellee Medicare beneficiary and did not submit his own appeal and request for review from the MAC. Defendants interpret the escalation regulation as applicable to the party seeking MAC review—that is, the party appealing the ALJ decision.[35] Administrative interpretation is ordinarily entitled to considerable deference unless it is plainly inconsistent with the clear

---

[33] Doc. 11 at 7, n.2.

[34] *See also* 42 C.F.R. § 422.608 ("The regulations under part 405 of this chapter regarding Council review apply to matters addressed by this subpart to the extent that they are appropriate, except as provided in § 422.562.(d)(2).").

[35] Doc. 8 at 7.

9

meaning of the statute and regulations or is unreasonable.³⁶  Plaintiff has not established that Defendants' interpretation of 42 C.F.R. § 405.1132 is plainly inconsistent with the clear meaning of the statute and regulations.

Nor is it reasonable to conclude that Plaintiff was the appellant before the MAC because he prevailed before the ALJ and is now the appellee where United sought further review before the MAC.  The Court agrees with Defendants that Plaintiff's argument effectively means that whenever a Medicare beneficiary prevails before the ALJ but does not want to wait for the MAC to issue a determination on the carrier's appeal, the beneficiary could simply opt out of the administrative review process.  This result is both illogical and contrary to the Supreme Court's instruction that the Medicare Act requires "an initial presentation to the agency."³⁷  Accordingly, Plaintiff's request to escalate was improper.

### C. Exhaustion

Finally, Plaintiff contends that he has exhausted administrative remedies, suggests exhaustion is not a requirement for the Court's review of his claims, and that this Court should waive the requirement that he exhaust administrative remedies.³⁸  Exhaustion under § 405(g), however, is a "procedural prerequisite" for jurisdiction.³⁹  That statute provides, "[a]ny individual, after any final decision of the [Secretary] made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days

---

³⁶ *See Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844–45 (1984); *Downtown Med. Ctr./Comprehensive Health Care Clinic v. Bowen*, 944 F.2d 756, 768 (10th Cir. 1991).

³⁷ *Ill. Council*, 529 U.S. at 20 (citing *Heckler v. Ringer*, 466 U.S. 602, 627 (1984)).  Plaintiff's position that he is the appellant by virtue of his appeal to the ALJ is further belied by the fact that the ALJ decision was favorable to him and thus he would be appealing contrary to his own interest.

³⁸ *See* Doc. 11 at 9–10.

³⁹ *See Ringer*, 466 U.S. at 624.

after the mailing to him of notice of such decision . . . ."[40]  Judicial review requires a final determination from the agency.  It is uncontested that the MAC has not yet issued a decision in United's appeal.

The "final decision" requirement of § 405(g) consists of two elements: (1) a nonwaivable requirement that a claim for benefits be presented to the Secretary, and (2) a requirement that the administrative procedures prescribed by statute and regulations be exhausted prior to judicial review, which can be waived under certain limited circumstances.[41]  The exhaustion requirement "assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts."[42]  The first requirement is not at issue here and Plaintiff's arguments that he need not meet the second are not persuasive.

In *Bowen v. City of New York*, the Supreme Court identified three factors to be considered in deciding whether to waive the exhaustion requirement: (1) whether the claims at issue are collateral to the underlying decision as to eligibility for entitlements; (2) whether claimants would be irreparably harmed were the exhaustion requirement enforced against them; and (3) whether exhaustion of administrative remedies would be futile.[43]  By claiming there is "[n]o other adequate remedy" other than to bring this action in this Court, Plaintiff suggests that the futility exception to exhaustion applies.  "The futility exception . . . is a narrow one; to fit within the futility exception, a plaintiff must show that resort to the administrative process would

---

[40] 42 U.S.C. § 405(g).

[41] *Matthews v. Eldridge*, 424 U.S. 319, 328 (1976).

[42] *Ill. Council*, 529 U.S. at 13.

[43] 476 U.S. 467, 482–86 (1986).

11

be 'clearly useless.'"[44]  Plaintiff has not alleged or established any reason to justify application of this exception.

Plaintiff urges that his request for judicial review is not premature because he has been waiting for nearly a year for the MAC to issue a decision in United's appeal of the ALJ decision. He argues that this Court would not benefit from the MAC's expertise and that he has a "compelling interest" in having the issue resolved "promptly."[45]  But "[a] delayed review does not equal futility of review."[46]  "[O]ccasional individual, delay-related hardship" may occur, but Congress decided that "this price is justified '[i]n the context of a massive, complex health and safety program such as Medicare, embodied in hundreds of pages of statutes and thousands of pages of often interrelated regulations, any of which may become the subject of a legal challenge in any of several different courts[.]"[47]  "[D]elays in the administrative process, or hardships related to the delay, are not sufficient to allow parties to proceed directly to federal court, and Congress was aware that it was imposing these costs and delays."[48]

While understandable, Plaintiff's frustration with the MAC's delay and his personal interest in relieving his back pain are not bases for waiving the requirements of exhaustion.  The Court agrees that it would necessarily benefit from a fully developed administrative record and the MAC's assessment of the issues, findings of fact, and conclusions of law.  Plaintiff has not shown that the futility requirement for obtaining judicial waiver of exhaustion is satisfied.

---

[44] *Gilmore v. Weatherford*, 694 F.3d 1160, 1169 (10th Cir. 2012) (quoting *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1264 (10th Cir. 1998)).

[45] Doc. 11 at 10.

[46] *San Diego Comprehensive Pain Mgmt. Ctr. v. Becerra*, No. 21-cv-01739-BAS-WVG, 2021 WL 5741465, at *6 (S.D. Cal. Dec. 1, 2021) (discussing *Ill. Council*, 529 U.S. at 13).

[47] *Id.* (alteration in original).

[48] *Select Specialty Hosp.-Ann Arbor, Inc. v. Sec. of Health & Hum. Servs.*, No. 14-14422, 2016 WL 465620, at *9 (E.D. Mich. Feb. 8, 2016) (citing *Ill. Council*, 529 U.S. at 13).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 7) under Fed. R. Civ. P. 12(b)(1) is **granted**.  This case is **dismissed without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: November 29, 2022

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE